Filed 11/21/13  P. v. Garcia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JESSE GARCIA,<br><br>　　Defendant and Appellant. | H039574<br>(Monterey County<br>Super. Ct. No. SS121749) |

Defendant Jesse Garcia punched the victim numerous times resulting in the victim lying motionless on the ground.  Defendant then obtained a piece of wood and used it to hit the motionless victim with "full force" several times in the head.  The victim suffered numerous injuries including a broken nose and a concussion.  A witness videotaped the assault.

Defendant was charged by complaint with attempted murder (Pen. Code, §§ 187, 664),[1] assault with a deadly weapon (§ 245, subd. (a)(1)), assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)), and battery with serious bodily injury (§ 243, subd. (d)).  It was further alleged that he had personally used a deadly weapon (§ 12022, subd. (b)) in the commission of the attempted murder and personally inflicted great bodily injury (§ 12022.7, subd. (a)) in the commission of the attempted murder and

---

[1]　　Subsequent statutory references are to the Penal Code.

assault offenses. The complaint also alleged that defendant had suffered a prior strike conviction (§ 1170.12) and served a prison term for a prior felony conviction (§ 667.5, subd. (b)). The complaint was later amended to add an additional strike allegation.

Defendant waived his rights, pleaded guilty to the assault with a deadly weapon count, and admitted the great bodily injury, prior conviction, and prison prior allegations in exchange for dismissal of the other counts and allegations and a stipulated prison term of 12 years, with the understanding that one of the strikes would be stricken. Defendant also waived his right to appeal and agreed not to collaterally attack his conviction or ask to withdraw his plea. The court struck one of the two strikes. Defendant admitted to the probation officer that he had committed the assault. He claimed that he assaulted the victim because the victim had earlier assaulted him.

The court imposed the stipulated 12-year prison term. Defendant timely filed a notice of appeal, and the court granted his request for a certificate of probable cause.

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf but has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.


_____

Grover, J.